**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4211**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

KENYADA ANTONIO ALFORD,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge. (4:11-cr-02246-TLW-1)

Submitted: December 17, 2021          Decided: February 7, 2022

Before HARRIS, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Michael A. Meetze, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. M. Rhett DeHart, United States Attorney, Robert F. Daley, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenyada Antonio Alford appeals his 24-month revocation sentence. He argues that this sentence is plainly unreasonable because the district court failed to consider his nonfrivolous mitigating arguments and based his sentence predominately on impermissible sentencing factors. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable – that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted). "A sentence within the policy statement range is presumed reasonable[.]" *Padgett*, 788 F.3d at 373 (internal quotation marks omitted).[*]

---

[*] The government argues that, beyond this deference, Alford's claims are further subject to plain error review, noting that he failed to request a sentence below 24 months. Because we hold, below, that Alford's sentence was not plainly unreasonable, we need not (Continued)

2

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). The district court must, at a minimum, explain the sentence sufficiently to permit appellate review "with the assurance that the court *considered* any potentially meritorious arguments raised by [the defendant] with regard to his sentencing." *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (cleaned up); *see Patterson*, 957 F.3d at 440 ("Although that is a low bar, the record must reflect some affirmation that the court considered the arguments in mitigation made by a defendant.").

Further, in fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b). While the court also must consider certain enumerated factors under § 3553(a), excluded from that list is "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C.

---

separately address whether any error affected his substantial rights or seriously affected the fairness or integrity of judicial proceedings. *See, e.g.*, *United States v. Davis*, 855 F.3d 587, 595 (4th Cir. 2017).

§ 3553(a)(2)(A); *see id.* § 3583(e).    We have recognized, however, that the "§ 3553(a)(2)(A) [factors] are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). Thus, although the district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

"A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

Although the district court's discussion of Alford's mitigating arguments could have been more robust, we conclude that it was sufficient to permit meaningful appellate review. The court sentenced Alford within his policy statement range after confirming that it had considered his mitigating arguments and offering "affirmative statements for why it was imposing the 24-month sentence." *Gibbs*, 897 F.3d at 206.  We further conclude that the district court did not predominately sentence Alford based on impermissible sentencing factors.  The court's discussion of the seriousness of the violations and the consequences for them was clearly "intertwined" with its analysis of permissible § 3553(a) factors and Alford's breach of trust.  *Webb*, 738 F.3d at 641.  And it is apparent that the court's "concern with this breach of trust . . . far outweighed any other concerns and provided

4

independent justification for the sentence." *United States v. Bennett*, 698 F.3d 194, 201 (4th Cir. 2012).

Because Alford's sentence is not plainly unreasonable, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*